IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DEBBIE ROSS**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 3:10cv403-TSL-MTP**

**LEAKE COUNTY, MISSISSIPPI, ET AL.**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court *sua sponte* upon the plaintiff's failure to timely serve the defendants, failure to prosecute and to otherwise comply with certain orders of the court. Having considered the documents made a part of the record in this case and the applicable law, the court finds that this action should be dismissed without prejudice.

Plaintiff, through counsel, filed this matter on July 19, 2010, pursuant to 42 U.S.C. § 1983. To date, not one of the eight defendants has been served with process. On May 11, 2011, the court entered an order [3] reminding plaintiff of her duty to serve the defendants with the summons and complaint within 120 days after filing the complaint pursuant to Fed. R. Civ. P. 4(m). As the 120-day deadline had long since passed, plaintiff was warned that if service upon the defendants was not perfected and proof thereof filed with the court within 30 days of the order [3], the case may be dismissed without prejudice as to the unserved defendants, unless the court extended the time for service based upon a showing of good cause. *See* order [3].

On May 18, 2011, the clerk received a letter [4] from attorney Rachel M. Pierce advising the court that plaintiff's counsel of record, William W. Housley, Jr., was no longer with the firm Waide and Associates, P.A., where the order [3] was sent. Ms. Pierce advised the clerk of Mr. Housley's new address and indicated that– by copy of the letter to the clerk– she notified Mr. Housley of the court's attempt to reach him. In addition, the clerk forwarded a copy of the

court's order [3] to Mr. Housley at the new address provided by Ms. Pierce. *See* docket entry [4]. The docket further reflects that the clerk's office telephoned and left a message for Mr. Housley at the telephone number provided by Ms. Pierce regarding the court's order [3]. *See* docket entry dated 5/18/11. Over a month has passed and plaintiff's counsel has not contacted the court, has not filed proof of service for any defendant, and has not requested an extension of time to do so.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m). The 120-day deadline for service of process has passed, as has the additional time for service ordered by the court. *See* order [3]. Moreover, as set forth above, the plaintiff has not sought an extension of time to serve process. The court has provided notice to plaintiff of her obligations under Rule 4(m) and warned her that this case may be dismissed without prejudice as to the unserved defendants if she failed to comply with the rule and the court's order [3]. Accordingly, this action should be dismissed without prejudice pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996).

This action is also subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b),[1] which grants the court discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority); *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982). Plaintiff has clearly failed to prosecute this case and to comply with the court's order [3].

As the plaintiff has failed in her obligations to timely serve the defendants, to prosecute her case, and to comply with the court's order, the court finds that this matter should be, and is hereby, dismissed without prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 4(m).

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 30th day of June, 2011.

/s/Tom S. Lee
United States District Judge